# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

No. 13-20464

HEWLETT CUSTOM HOME DESIGN, INCORPORATED,

Plaintiff - Appellee

v.

FRONTIER CUSTOM BUILDERS, INCORPORATED; RONALD W. BOPP,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No.  4:10-CV-4837

Before JOLLY and JONES, Circuit Judges, and AFRICK*, District Judge.

PER CURIAM:**

In this copyright infringement action, Hewlett Custom Home Design ("Hewlett") won a jury verdict against competitor Frontier Custom Builders and its owner Ronald Wayne Bopp (collectively "Frontier"). On appeal, Frontier does not challenge two elements of the cause of action: Appellee's ownership of a valid copyright, or the substantial similarity of its home designs to the copyrighted plans. *See Armour v. Knowles*, 512 F.3d 147, 152

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2007) (per curiam). Frontier rests its evidentiary sufficiency challenge on the third element, that of factual copying, which may be proved circumstantially by showing that the plans contain probative similarities and that the defendant had access to the copyrighted plans.[1] *Id*; *see also Ferguson v. Nat'l Broad Co.*, 584 F.2d 111, 113 (5th Cir. 1978). Frontier also contends that the judgment should be reversed or a new trial ordered because of the jury's failure to apportion damages between Frontier's misappropriation of the plans and other potential sources of its profit (*e.g.*, location, attractive school zoning, special upgrades or amenities) on the infringing homes. Having heard oral argument in this appeal, examined the authorities cited by the parties, and reviewed pertinent portions of the record, we reject these challenges essentially for the reasons stated by the district court in its order on post-trial motions.

First, as the district court held, there was sufficient proof of Frontier's access to the plans, *i.e.*, "'a reasonable opportunity to view the copyrighted work[,]'" which is this court's standard. *Armour*, 512 F.3d at 152-53 (*quoting Peel & Co. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001)). The competitors were both building homes within a mile of each other when a house using Hewlett's Plan 4210 was constructed and marketed in that area, and its plans were available in the subdivision marketing office. The house built according to Plan 4187 was a Woodlands Showcase Home for the year 2000 and therefore open to thousands of visitors. Bopp testified to his prior visits to

---

[1] A copyright owner can also prove factual copying by demonstrating that the works are "strikingly similar." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 372 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 n.10, 130 S. Ct. 1237 n.10 (2010). The district court also found sufficient evidence of striking similarity; we do not reach this question since we find Hewlett has satisfied the access test.

the Showcase homes.  The jury was entitled to credit this and other evidence showing that Frontier had a reasonable opportunity to access the plans, while it could discredit Bopp's self-serving denials.  *United States v. Richards*, 204 F.3d 177, 209 (5th Cir. 2000), *overruled on other grounds by United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002).

Second, with regard to the apportionment of damages, after Hewlett proved Frontier's gross revenue, Frontier had the burden "to prove [its] deductible expenses and the elements of profit attributable to factors other than the copyrighted work."  17 U.S.C. § 504(b).  This provision "creates an initial presumption" that the infringer's entire gross revenue is attributable to the misappropriation.  *MGE UPS Sys., Inc. v. GE Consumer & Indus., Inc.*, 622 F.3d 361, 367 (5th Cir. 2010) (*citing Bonner v. Dawson,* 404 F.3d 290, 294 (4th Cir. 2005)).  Contrary to this established law, Frontier asserts that the trial court was required to apportion profit, and therefore reduce damages, based only on Frontier's mere generalized testimony that certain factors other than the plans affect a builder's profit.  Alternatively, Frontier advocates a new trial on damages based on the contention that the jury's failure to deduct anything from its gross profit was against the great weight of the evidence.

We agree with the district court, which correctly articulated the law and did not abuse its discretion in denying a new trial.  The court noted the absolute absence of evidence as to "what proportion of each infringing home's profit was attributable to those factors other than the infringing design."  There was no evidence of similar profits made by Frontier on homes with non-infringing designs, nor was there evidence of the value attributable to neighborhood schools, a high quality school district, the particular attractiveness of the subdivisions involved, or non-infringing design features or amenities in the infringing homes.  There was no testimony from purchasers of the infringing homes on the factors influencing the sales prices, nor from a real estate

3

appraiser or broker concerning the non-infringing features that enhanced the homes' profitability. *See Estate of Vane v. The Fair, Inc.*, 849 F.2d 186, 188-89 (5th Cir. 1988). In sum, there was no probative evidence that would have allowed the jury, had it credited Frontier's generalized arguments, to reduce the amount of gross profit attributable to the infringement.

Accordingly, the judgment is **AFFIRMED**.